## Title Insurance Reserve Funds

Umsted, Deputy Attorney General, November 15, 1945.—You have asked this office for an interpretation and construction of a portion of section 690 of The Insurance Company Law of May 17, 1921, P. L. 682, as added by the Act of July 1, 1937, P. L. 2540, 40 PS §900. It pertains to the establishment and maintenance of reinsurance reserve funds by title insurance companies and reads as follows:

"Each company, which shall possess the power to insure owners of real property, mortgagees, and others interested in real property, from loss by reason of defective titles, liens, and encumbrances, shall establish and maintain a reinsurance reserve fund, by setting aside a sum equal to ten per centum of the premium (that is the sum charged for insurance over and above examination and settlement fee) paid on each policy which such company may hereafter issue, until the total

amount set aside (including any reserve heretofore set up under any prior act of assembly) shall equal the sum of two hundred fifty thousand dollars; and thereafter shall set aside a sum equal to five per centum of such premiums, until the total amount shall equal a sum not less than five hundred thousand dollars: Provided, That such premiums shall not be less than one-quarter of one per centum on the amount of insurance as issued, or, if less than one-quarter of one per centum, the amount set aside shall be equal to two and one-half per centum of said one-quarter of one per centum. . ."

The dubious portion of the above quoted section is contained in the proviso at the latter part which must be interpreted in the light of certain relevant facts connected with the insurance of land titles. The premiums for such insurance in many instances must necessarily be considerably less than one quarter of one percent of the amount of insurance issued. As an example, if an executor with the power of sale is desirous of selling real estate within one year of the date of the death of the decedent, he must secure insurance against the lien of the decedent's debts. Where the estate of the decedent is large and it is common knowledge that the personalty is ample to pay all debts, a premium of one quarter of one percent of the amount of the policy would be exorbitantly high. Assuming that the insurance was for $1,000,000, one quarter of one percent would be $2,500. A reasonable premium for such insurance might be only $500.

In creating the $500,000 reserve required by section 690, assuming that over $250,000 has been accumulated, the title company, were it not for the proviso, would be required to set aside five percent of $500, or $25. This situation was just what the legislature intended to avoid. Therefore, it specified where the premium was less than one quarter of one percent the title company should set aside not less than 2½ percent of

one quarter of one percent of the insurance. Accordingly, under the proviso, the title company in the hypothetical case would be required to put in its reserve 2½ percent of $2,500, or $62.50.

Obviously then under section 690 every title insurance company is required to create a $500,000 reinsurance reserve fund and is not required to add to that amount nor permitted to subtract from it. In other words, in establishing this reinsurance reserve fund a title company must set aside 10 percent of its premiums until it acquires $250,000; then five percent of its premiums until it acquires another $250,000, but in the computation of the amount to be set aside in each instance, the sum may not be less than 2½ percent of one quarter of one percent of the amount of the insurance.

Section 692 of the Insurance Company Law of 1921, as added by the Act of July 1, 1937, P. L. 2540, 40 PS §902, provides for the establishment and maintenance of reserve funds for unpaid losses by title companies, in the following language:

"Each company, which shall possess the power to insure owners of real property, mortgagees, and others interested in real property, from loss by reason of defective titles, liens, and encumbrances, shall at all times maintain reserve funds for unpaid losses, in addition to funds for other reserves and liabilities; and shall calculate said reserves by making a careful estimate, in each case, of the loss likely to be incurred by reason of every claim presented or that may be presented pursuant to notice from or on behalf of the insured, of the occurrence of an event that may result in a loss. The sum of the items so estimated, shall be the total amount of the reserves for unpaid losses of said insurer."

While under section 690 of the act, a reinsurance reserve is fixed at a maximum amount of $500,000, additional reserves over and above that sum for unpaid losses must be maintained by virtue of the provisions

of section 692. Since those additional reserves are to be calculated after careful estimate in each case of the loss likely to be incurred, their amount is in the first instance determinable by the title insurance company itself. They are, however, subject to supervision and adjustment by the insurance commissioner. And it becomes his duty to see that such unpaid loss reserve is maintained.

We are of the opinion and you are accordingly advised that under section 690 of the Insurance Company Law of 1921, P. L. 682, as added by the Act of July 1, 1937, P. L. 2540, 40 PS §900, title insurance companies must create reinsurance reserve funds of $500,000 each and may do so by setting aside a minimum of 10 percent of premiums until $250,000 is accumulated, then five percent of premiums until an additional $250,000 is accumulated. But in no instance may the amount set aside for the reinsurance reserve fund out of any premium be less than 2½ percent of one quarter of one percent of the amount of the insurance in that case.

Under section 692 of the same act, 40 PS §902, in addition to the reinsurance reserve fund, every title insurance company must maintain a reserve fund for unpaid losses calculated on loss estimates with which the insurance commissioner is satisfied.